SAMUEL FINLEY *v.* PAUL B. RUSSELL & WIFE.

**Husband and Wife—Rent of Wife's Real Estate.**
> Where the husband rents the wife's real estate for not more than three years at a time and receives the rent in goods, the receipt of such goods pays the rent whether the wife consents thereto or not.

**Wife's Money.**
> If the wife's money is borrowed of her or of her husband acting as her agent, the borrower cannot afterward be heard to say that the money belonged to the husband, nor can he be allowed to credit the same on the husband's indebtedness to him.

APPEAL FROM MARION CIRCUIT COURT.

September 9, 1874.

OPINION BY JUDGE PRYOR:

The instructions in this case are erroneous so far as they apply to the right of the husband to appropriate the rents due from the lands of the wife. If the husband rented the house and lot, and at the time agreed with the renter to take goods from him in satisfaction of the rent, and the goods were taken or purchased by the husband under the contract, it was to that extent a payment of the rent, whether the rent was credited on the account or not. Sec. 1, Act 2, Husband and Wife, provides that the husband may rent the real estate of the wife for not more than three years at a time, and receive the rents, etc. If, then, the contract of renting was made, he paid in goods, and the goods were delivered, it was a payment on the rent whether the wife consented or not.

The rent of the wife's land will not be subjected to the payment of the husband's debts, but when the husband has already rented the land (if not for a longer time than three years) and received the rent, whether in money or property, the wife cannot afterwards assert a claim for it, against the tenant. As to the money of the wife, if borrowed by the appellant, of her or her husband, as her

agent, with a promise to pay the wife, and a recognition of it by the borrower, as here, he will not be allowed afterwards to say that it belongs to the husband, or to credit it on the latter's indebtedness. We see no error in the instruction in this branch of the case nor any error in regard to the question made as to the improvements on the wife's property.

The judgment, however, for the reason indicated, is *reversed* and cause remanded with directions to award the appellant a new trial and for the further proceedings consistent with this opinion.

*W. B. Harrison, for appellant.*
*J. R. Thomas, for appellees.*